U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

FEB 1 2 2008

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT WASHINGTON | : | DOCKET NO. 06-1477 |
| VS. | : | JUDGE MINALDI |
| ST. CHARLES GAMING COMPANY INC. d/b/a ISLE OF CAPRIS CASINO | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment, filed by the defendant St. Charles Gaming Company, Inc., (hereinafter "SCGC") [doc. 9]. The plaintiff, Robert Washington (hereinafter "Washington"), filed an Opposition [doc. 20]. SCGC did not file a Reply.

## FACTS

Washington was injured when he crossed the street between the Inn and the Tower parking lot at the Isle of Capri property on May 29, 2006.[1] Washington crossed the street outside of the pedestrian crosswalk.[2] Washington testified that when he slipped and fell, the painted curb area was "very slick and very wet."[3]

---

[1] Def.'s Mem. in Support of Mot. for Summary Judgment, at 3 [doc. 9]. May 29, 2006 was Memorial Day. *Id.*

[2] *Id.* at 3. No curb exists on either side of the painted street crosswalk. *Id.; see also* Def.'s Ex. B (Mark Anthony Barfield Aff.)

[3] Pl.'s Ex. 1 ¶ 5 (Robert Washington Aff.) Washington also stated that the curb is sloped and ran the entire length of the drive through the parking lot. Additionally, the curb is not separated from the sidewalk, but is contiguous with it, with no plants or grass separating the sidewalk from the curb. *Id.* ¶ 6. Washington also stated that the curb did not appear to contain

1

At the time of the accident, the curb was painted yellow and has since been repainted white.[4] There were not any signs near the crosswalk instructing pedestrians to cross in the crosswalk, nor were there hotel employees instructing pedestrians to use the crosswalk.[5] Washington has since allegedly undergone a lumbar discectomy and foraminotomy as a result of his injuries.[6]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for

---

any sand or grit. *Id.* ¶ 7.

[4] Pl.'s Mem. in Opposition of Def.'s Mot. for Summary Judgment, at 2 [doc. 20].

[5] Pl.'s Ex. 2, at 16 (Mark Barfield Dep.) Barfield, a supervisor at the Isle of Capri, did not recall any other incidents of someone slipping on a curb. *Id.* at 17.

[6] Pl.'s Mem. in Opposition of Def.'s Mot. for Summary Judgment, at 1 [doc. 20].

2

summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975).  There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

## ANALYSIS

There are no issues of material fact.  Although Washington disputes several of SCGC's allegations, Washington either fails to present competent summary judgment evidence, or the disputed facts are not material. Washington disputes SCGC's factual statements 7, 20, 23, 35, 36, and 37 by responding "contested as alleged."  Because Washington failed to present contrary competent summary judgment evidence, Washington has not established that there is a genuine issue of material fact.

Washington disputes SCGC's number 19, which states that Barfield alleges Washington told Barfield that he accidentally slipped and fell on the curb area, and that the curb area was slick at the time.[7]  Washington disputes this allegation because SCGC quotes Barfield and not Washington himself.[8]  In Washington's affidavit, however, Washington notes that he slipped on the curb, and the curb was wet and slick.[9]  Thus, any dispute over attribution is moot, because Washington's own affidavit contains the same information.

Washington disputes that Barfield medically examined Washington, SCGC's number

---

[7] Pl.'s Statement of Contested Material Facts, at 1 [doc. 20-4].

[8] *Id.*

[9] Pl.'s Ex. 1 ¶¶ 3, 5 (Robert Washington Aff.)

3

21.[10]  SCGC also alleges, in number 22, that Washington declined Barfield's offer to call an

ambulance.[11]  Washington alleges he refused an ambulance because it would take all day.[12]

Washington, however, does not present any summary judgment evidence that would create an

issue of fact on either of these statements.

Washington disputes SCGC's number 30, which states that Washington told Barfield that

the fresh paint was slippery and caused him to fall.[13]  Washington argues that the paint appeared

to be wet, although not necessarily from recent application.[14]  Washington cites the same

evidence as SCGC, and SCGC quoted Washington as saying the curb appeared to be "freshly

painted out of yellow looking paint."[15]  Thus, there is no issue of material fact surrounding

number 30.

Washington also disputes SCGC's number 33, which states that the curb has not been

altered since the accident, except to paint it white, rather than yellow.[16]  Washington argues that

the current white paint is close in color to the concrete and likely serves no warning purpose.[17]

Washington presents no competent summary judgment evidence to support this statement.

---

[10] Def.'s Statement of Uncontested Material Facts ¶ 21.

[11] *Id.* ¶ 22; Def.'s Ex. B (Mark Anthony Barfield Aff.)

[12] Pl.'s Statement of Contested Material Facts, at 2.

[13] Def.'s Statement of Uncontested Material Facts ¶ 30.

[14] Pl.'s Statement of Contested Material Facts, at 2.

[15] Def.'s Statement of Uncontested Material Facts ¶ 31; Def.'s Ex. B; Def.'s Ex. C.

[16] Def.'s Statement of Uncontested Material Facts ¶ 33; Def.'s Ex. B.

[17] Pl.'s Statement of Contested Material Facts, at 2.

4

Washington disputes SCGC's number 34, which states that Washington informed Barfield he fell near a palm tree.[18] Washington presents no contrary summary judgment evidence disputing this allegation.[19]

Lastly, Washington disputes SCGC's number 38, which states, "If Washington had followed the path of the clearly marked crosswalk for pedestrians when he crossed the street, he would not have encountered any street curb."[20] Washington states that the crosswalk terminates at each end in a sloped, painted wheelchair ramp, and points to the defendant's Exhibit D-3 as evidence.[21] The photograph clearly reveals that there is a break in the curb where it intersects the pedestrian crosswalk.[22] Whether the sidewalk contained a sloped wheelchair ramp does not contradict SCGC's assertion that there is no street curb in the pedestrian crosswalk.

Thus, having concluded there are no issues of material fact, this court now turns to the legal principles underlying the case to determine which party is entitled to judgment as a matter of law.

Washington's claim arises under the Louisiana Innkeepers' Liability statute, LA. REV. STAT. ANN. § 9:2800.6. Pursuant to LA. REV. STAT. ANN. § 9:2800.6, Washington must demonstrate that: 1.) the condition presented an unreasonable risk of harm that was reasonably foreseeable; 2.) the merchant either created or had actual or constructive notice of the condition

---

[18] Def.'s Statement of Uncontested Material Facts ¶ 34; Def.'s Exs. C-2, C-4.

[19] Pl.'s Statement of Contested Material Facts, at 2.

[20] Def.'s Statement of Uncontested Material Facts ¶ 38; Def.'s Ex. B.

[21] Pl.'s Statement of Contested Material Facts, at 2.

[22] Def.'s Ex. D-3.

that caused the damage prior to the occurrence; and 3.) the merchant failed to exercise reasonable care.

### A.) Unreasonable Risk of Harm That Was Reasonably Foreseeable

To confer liability on a defendant merchant for a slip and fall accident, the defects existing on the premises must pose an unreasonable risk of harm. *Reed v. Wal-Mart Stores, Inc.*, 708 So.2d 362 (La. 1998). Whether a condition presents an unreasonable risk of harm requires an abundance of factual findings. *Id.* at 364. "In determining whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair." *Id.* at 365. The trier of fact, therefore, must determine whether the "social value and utility of the hazard" outweigh and justify the potential harm to others. *Id.* The Louisiana Supreme Court has noted that:

> It is common for the surfaces of streets, sidewalks, and parking lots to be irregular. It is not the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints, and curves. These surfaces are not required to be smooth and lacking in deviations, and indeed, such a requirement would be impossible to meet. Rather, a party may only be held liable for those defects which present an unreasonable risk of harm.

*Id.* at 363.

SCGC argues that the curb was not unreasonably dangerous, under the risk-utility analysis, because the social utility of the sidewalk and curb is high. SCGC argues that the social utility of painted curbs for drivers is clear, as is the social utility of a designated crosswalk. *See Reed*, 708 So.2d 362. SCGC further argues that it has already borne the cost of preventing an injury from crossing at the curb by designating a pedestrian walkway. Additionally, SCGC

6

argues that Washington's actions were not wise in terms of social utility, because Washington

engaged in jaywalking, instead of crossing at the pedestrian crosswalk, with the knowledge that it

had recently rained.

Without addressing the applicable legal standard, Washington argues that the gloss

enamel paint used on the sloped curb created an unreasonable risk of harm because it was not

abrasive enough for its sloped surface, especially on rainy days.  This court agrees with SCGC's

position and finds that the wet curb did not present an unreasonable risk of harm.

B.) Actual or Constructive Notice

The second element Washington must prove to recover under LA. REV. STAT. ANN. §

9:2800.6 is that SCGC had actual or constructive notice that the curb in question created an

unreasonable risk of harm.  Under LA. REV. STAT. ANN. § 9:2800.6, to demonstrate constructive

notice, the claimant must show that:

> [t]he condition existed for such a period of time that it would have been
> discovered if the merchant had exercised reasonable care.  The presence of
> an employee of the merchant in the vicinity in which the condition exists does
> not, alone, constitute constructive notice, unless it is shown that the employee
> knew, or in the exercise of reasonable care should have known, of the
> condition.

This requires the plaintiff to prove that the condition existed for some period of time.  *White v.*

*Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1085 (La. 1997).

SCGC argues that even if the wet curb did create an unreasonable risk of harm, there is

no evidence that SCGC had actual or constructive notice of this condition.  Washington does not

address notice, the second element of his claim, in his Memorandum in Opposition, nor is there

anything in the record that would demonstrate that SCGC had actual or constructive notice of this

condition.  Thus, this court finds that Washington has failed to demonstrate that SCGC had

actual or constructive notice of the wet curb.

C.) Failure to Exercise Reasonable Care

The final element Washington must prove to recover under LA. REV. STAT. ANN. §

9:2800.6 is that SCGC failed to exercise reasonable care.  SCGC argues that it exercised

reasonable care because it painted the curbs to delineate them for drivers using the street.  SCGC

further argues that it exercised reasonable care by creating pedestrian crosswalks for patrons to

safely traverse the street, rather than jaywalk across the curb.  Washington does not address this

element.  This court agrees with SCGC and finds that SCGC did not fail to exercise reasonable

care.

## CONCLUSION

Because Washington has failed to demonstrate that there is a triable issue of fact, and

because SCGC is entitled to judgment as a matter of law,

IT IS ORDERED that the defendant's Motion for Summary Judgment is hereby

GRANTED, and this case is hereby DISMISSED.

Lake Charles, Louisiana, this 11 day of _____, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

8